**WILKERSON SHOE COMPANY,**
**Plaintiff,**

v.

**UNDERWRITERS INSURANCE COM-**
**PANY, a corporation,**
**Defendant.**

**HOME INSURANCE COMPANY,**
**Plaintiff,**

v.

**NATIONAL REALTY INVESTORS**
**TRUST OF BOSTON, d/b/a North-**
**land Shopping Center, et al., Defendants.**
**Nos. 72-C-226 and 73-C-206.**

United States District Court,
N. D. Oklahoma,
Civil Division.
June 13, 1974.

Kenney, Leritz & Reinert, St. Louis, Mo., Thomas R. Brett, Tulsa, Okl., for plaintiff in 72–C–226.

Ralph C. Kleinschmidt, St. Louis, Mo., Alfred B. Knight, Tulsa, Okl., for defendant in 72–C–226.

Alfred B. Knight, Oklahoma City, Okl., for plaintiff in 73–C–206.

Dale F. McDaniel, Tulsa, Okl., for National Real. & Jacobson.

Best, Sharp, Thomas & Glass, Tulsa, Okl., for McMichael.

## ORDER

DAUGHERTY, Chief Judge.

Defendant National Realty Investors Trust of Boston, d/b/a Northland Shopping Center (Movant) has filed in these consolidated cases a Motion To Dismiss the Third Party Complaint of Underwriters Insurance Company against it and a Motion For Summary Judgment on the three actions against it by Home Insurance Company (Home), Wilkerson Shoe Company (Wilkerson) and Underwriters Insurance Company (Underwriters).

The general thrust of both motions is that this Court has no jurisdiction over Movant, that Movant ceased to exist as an entity before any action was filed against it herein; that no redress can be obtained from Movant and that the process served on Movant for the Third Party Complaint of Underwriters was insufficient.

The Movant does not advise the Court whether it was an association or a corporation when the event occurred on September 6, 1971, which forms the basis of this litigation and on which date it appeared that Movant owned the real property involved. Movant does assert that on February 28, 1973 it merged with United National Corporation, said to be a New York Corporation with its principal place of business in New York. The original Complaint against Movant was filed herein on July 17, 1973.

In defense of the Motions it is asserted that the Movant on two occasions through two attorneys entered a general appearance herein, filed an Answer to the Complaint filed against it by Home, filed a Crossclaim against a Codefendant, did not object to the consolidation of the two cases, filed an Answer to the Petition in Intervention filed against it by Wilkerson, again reasserted its Crossclaim against the same Codefendant and finally attended a Pretrial Conference herein, all of the above being done by the Movant without raising any objections to the Court having jurisdiction over it or that the service of process upon it was improper in any respect or that it was not a suable and responsible entity in this matter. Oklahoma Statutes and cases are cited with reference to the above assertions. However, the matter is procedural and Federal procedure governs.

Rule 12(h)(1), Federal Rules of Civil Procedure provides as follows:

"A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion

under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course."

As to the Complaint of Home against the Movant and as to the Petition in Intervention of Wilkerson against the Movant, under the above rules the Movant has waived its defenses of lack of jurisdiction over its person, and insufficiency of process and insufficiency of service of process. Movant filed no Motions against either the Complaint of Home or the Petition In Intervention of Wilkerson but on September 6, 1973 filed an Answer to the Complaint of Home and on October 4, 1973 filed an Answer to the Petition In Intervention of Wilkerson. In neither Answer did Movant raise any of the defenses enumerated in Rule 12(h)(1), *supra*.

On February 6, 1974 the Movant filed an Amendment to its Answer to the Complaint of Home and an Amendment to its Answer to the Petition In Intervention of Wilkerson. But said Amendments do not meet the requirements of Rule 12(h)(1), *supra* which provides that such amendments must have been made as permitted by Rule 15(a), Federal Rules of Civil Procedure, *as a matter of course*. As applied here Rule 15(a) provides that a party may amend his pleading once *as a matter of course* if the pleading is one to which no responsive pleading is permitted (such as an Answer) and the action has not been placed upon the trial calendar (which is the case here) provided he does so within twenty (20) days after it (the Answer) is served. Movant's Amendments to its Answers as shown above were filed more than twenty (20) days after the same were filed. Thus, under Rule 12(h)(1), *supra*, the Amendments are out of time as to an attack on jurisdiction and process and under said Rule the Movant has waived the defenses named therein as against the Complaint of Home and the Petition In Intervention of Wilkerson. The other issues in the Motion for Summary Judgment as to Home and Wilkerson (Movant ceased to exist as an entity and no redress can be obtained from it) involve genuine issues of material facts and disposition by Summary Judgment is therefore precluded. Rule 56(c), Federal Rules of Civil Procedure.

As to Movant's Motion for Summary Judgment against Underwriters, on the grounds included therein as stated above, it is patently clear that genuine issues of material facts are here involved and disposition by Summary Judgment is therefore precluded. Rule 56(c), Federal Rules of Civil Procedure.

As to Movant's Motion To Dismiss the Third Party Complaint against it by Underwriters on grounds of lack of jurisdiction over Movant herein and insufficiency of service of process against it, the Court concludes that Movant has not waived these defenses as to the Third Party Complaint against it under Rule 12(h)(1), *supra*, for these defenses have been timely raised by Movant by Motion in its first pleading to the Third Party Complaint. See Rule 14(a), Federal Rules of Civil Procedure, which allows such pleading.

However, the Court finds that it has jurisdiction over the Movant as it is alleged to have been the owner of the real property involved at the time of the event involved herein and diversity citizenship and the required jurisdictional amount are alleged. 28 U.S.C. § 1332.

As to the sufficiency of the service of process on Movant by Underwriters in connection with its Third Party Complaint against Movant, it appears to the Court that there is very serious doubt that Underwriters has obtained proper service on the Movant. However, the Motion To Dismiss of Movant against Underwriters will be overruled at this time without prejudice and Underwriters is authorized to proceed by alias service.